**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRODY WHITAKER,**

    **Plaintiff,**

vs.                                       **Case No. 4:17cv586-MW/CAS**

**CAPT. ANTHONY DAVIS,
and D. JONES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, filed a second amended complaint (hereinafter "complaint") against two Defendants on June 4, 2018. ECF No. 11. Defendant Davis filed an amended motion to dismiss, ECF No. 31, in late March 2019. That motion has more recently been adopted by Defendant Jones. ECF No. 40.

Previously, Defendant Davis filed a motion to dismiss on January 24, 2019. ECF No. 25. Plaintiff was directed to file a response to the motion to dismiss and advised that the motion may be granted "by default" if Plaintiff did not respond to the motion. ECF No. 27. Plaintiff's deadline of March 1,

2019, passed without any action being taken by Plaintiff.  Subsequently, Defendant Davis filed the amended motion to dismiss, ECF No. 31, and Plaintiff was once again advised of his obligation to respond to the motion.  ECF No. 32.  Plaintiff was reminded that the Court could granted the motion by default if he did not respond, and he was given a new deadline of May 9, 2019, in which to file a response.  *Id.*  Finally, a third Order was entered on May 28, 2019, after service had been carried out on Defendant Jones which once again reminded Plaintiff that the amended motion to dismiss was pending, and that he had not filed a response as directed.  ECF No. 38.  The Order directed Plaintiff to "immediately file a response to the amended motion to dismiss, ECF No. 31, if he oppose[d] that motion."  *Id.* at 2.  No response has been received.

**Amended Complaint**

Plaintiff's amended complaint reveals that on September 23, 2017, Defendant Davis told Plaintiff he needed to shave his head and beard.  ECF No. 11 at 5.  When Plaintiff responded that he was compliance with the regulations, Defendant Davis placed him in cuffs, took him to the barber, and directed the barber to "shave him bald."  *Id.*  Plaintiff replied that he would sue them, which prompted Defendant Jones to punch

Plaintiff. *Id.* Defendants Davis and Jones then held Plaintiff down while he was forcibly shaved. *Id.* Plaintiff alleged that he was then verbally threatened with abuse by Defendants Jones and Davis. *Id.* Plaintiff alleged that he reported the incident and an investigation was conducted. *Id.* at 6. He also alleged that he filed multiple grievances but was denied responses and receipts. *Id.*

**Amended Motion to Dismiss**

Defendants assert that Plaintiff failed to exhaust administrative remedies. ECF No. 31 at 2. Defendants point out that Plaintiff's complaint lacked "any reference to any appeal to Central Office for FDOC." *Id.* at 6-7. Defendants contend that Central Office records do not show Plaintiff filed an appeal of any issue raised in this case. *Id.* at 7. "The last administrative appeal which was filed with Central Office for FDOC was in October 2015 and had nothing to do with any incident which occurred in September of 2017." *Id.* The motion to dismiss also argues that Plaintiff's complaint fails to state a claim for assault, for a violation of his First Amendment rights, equal protection rights, and a generic "Fourteenth Amendment" claim. *Id.* at 7-15. Finally, Defendants assert that his request for relief is improper and cannot be granted, and that Plaintiff did not "demonstrate a physical

injury sufficient [to] allow for recovery of compensatory or punitive damages." *Id.* at 15.

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing to Bryant, 530 F.3d at 1373-74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then

Case No. 4:17cv586-MW/CAS

proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).[1]  The burden of proof for evaluating an exhaustion defense rests with the Defendants.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

**Analysis**

The only issue which needs to be considered in ruling on the unopposed motion to dismiss is exhaustion.  As detailed by Defendants in the motion to dismiss, exhaustion under the Department's rules is a three step process.  ECF No. 31 at 5.  A prisoner must file an informal grievance, followed by a formal grievance, and then an appeal to the Office of the Secretary.  *Id.* at 5-6 (citing Chapter 33-103, Florida Administrative Code).  Federal law directs that no action may be brought pursuant to 42 U.S.C.

---

[1] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

§ 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

It is true that Plaintiff did not allege within the complaint that he exhausted administrative remedies by filing an appeal. However, "failure to exhaust is an affirmative defense under the PLRA," Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and Plaintiff is not required to allege that he completed all steps of the grievance process. That argument is rejected.

However, Defendants have also shown that Plaintiff did not complete the grievance process prior to filing this case. Accepting Plaintiff's factual allegations in the complaint as true, it appears that Plaintiff filed at least an informal grievance on September 25, 2017. *See* ECF No. 11 at 6. Plaintiff said that he also filed multiple grievances regarding the incident, but Plaintiff did not say that he ever filed a grievance appeal. An appeal is the required third step in the process. Defendants have shown through the submission of a signed affidavit from the Bureau Chief of the Bureau of Policy Management and Inmate Appeals, Alan McManus, that Plaintiff "has not filed any grievance appeals after October of 2015." ECF No. 33-1 at 2. Because Plaintiff did not respond to the motion to dismiss, that evidence is

unrebutted. Thus, Defendants have met their burden of proving that Plaintiff did not exhaust administrative remedies prior to case initiation and the motion to dismiss should be granted pursuant to 42 U.S.C. § 1997e and 28 U.S.C. § 1915(e)(2)(B)(ii).

"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007));[2] *see also* Nelson v. Singer, 2013 WL 2285088, at *1 (M.D. Fla. May 22, 2013) (stating that although some courts may disagree with Rivera, the Court "must follow the Eleventh Circuit's precedent" and citing to Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008)); Wright v. Mims, No. 1:13cv845, 2013 WL 4013163, at *2 (N.D. Ga. Aug. 5, 2013) (citing Thomas v. Parker, 672 F.3d 1182, 1183-84 (11th Cir. 2012) (concluding that a complaint dismissed for mixed reasons such as failure to state a claim and failure to exhaust should be

---

[2] Jones v. Bock held that exhaustion was not a pleading requirement but an affirmative defense and "noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." 549 U.S. at 216.

counted as a strike under § 1915(g), relying on Pointer v. Wilkinson, 502 F.3d 369, 377 (6th Cir. 2007)(same))); *but see* Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010) (holding "that the dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or for failure to state a claim does not constitute a strike under § 1915(g)").  Because an unexhausted claim is not a claim upon which relief may be granted, it is recommended that this case be dismissed under § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the amended motion to dismiss, ECF No. 31, be **GRANTED**, that Plaintiff's amended complaint, ECF No. 11, be **DISMISSED** for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.